

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

**DAVID W. HERCHER**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1538

**COLLIN M. COLE**
LAW CLERK

**DORIA D. ARNTSEN**
JUDICIAL ASSISTANT

March 21, 2018

NOT FOR PUBLICATION

VIA ECF ONLY
Alexander C.J. Adams
John M. Thomas

Subject: Dawn Arydth Kenderes and Douglas Andrew Kenderes v. Nationstar Mortgage LLC
Adversary Proceeding No. 17-03103dwh

Counsel:

I write to explain my separate order denying Defendant's Motion for Summary Judgment[1] filed by defendant, Nationstar Mortgage LLC.

**I. Analysis**

*A. Summary judgment standards*

Summary judgment is available if, viewing the evidence in the light most favorable to the party opposing summary judgment, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.[2] Summary judgment is proper, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[3]

The movant bears the burden of showing the absence of any genuine issue of material fact for trial.[4] I must view the evidence in the light most favorable to the nonmoving parties (here, the debtor-plaintiffs, Dawn Arydth Kenderes and Douglas Andrew Kenderes) and draw all reasonable inferences in their favor.[5]

---

[1] Docket item 19.
[2] *Manley v. Rowley*, 847 F.3d 705, 710 (9th Cir. 2017); Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056.
[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[4] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex*, 477 U.S. at 323).
[5] *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014).

Alexander C.J. Adams
John M. Thomas
March 21, 2018
Page 2

### B.	*Procedural posture*

The Kendereses' complaint[6] describes Nationstar's interaction with them and asserts a violation of the automatic stay. Specifically, and paring the complaint to its essentials, they allege that it (1) calculated a prepetition escrow shortage and included that shortage in its proof of claim, (2) filed a notice of mortgage payment change, in which it asserted an increase in monthly escrow payments and wrongly described the shortage as a postpetition default, when in reality it was the same shortage that it had previously characterized as a *pre*petition default and included in its proof of claim, (3) again wrongly asserted a postpetition default in a stay-relief motion, only to withdraw the motion on the brink of trial, and (4) it and its lawyers have taken varied positions on whether and to what extent any prepetition or postpetition escrow shortage exists or existed.

Nationstar moved for summary judgment on January 17, 2018.[7] It supported its motion with a declaration of assistant secretary Latoya Turner,[8] several pages of attached exhibits, a concise statement of facts,[9] and a memorandum of law.[10] Nationstar argues that (1) it was proper to include the escrow shortage in the proof of claim, (2) neither the filing of a proof of claim nor the filing of a notice of mortgage payment change is a stay violation, and (3) a notice of mortgage payment change does not violate the stay in the absence of harassment or coercion.

Additionally, Turner stated in her declaration that the escrow shortage included in the notice of mortgage payment change—which the Kendereses allege was really the prepetition escrow shortage in disguise—was "a separate, additional post-petition escrow shortage." She declared that the attached escrow account disclosure statement supported her characterization. But she made only a general reference to the attached statement and did not specify what information in that statement supported her assertion.

The Kendereses filed a response to the motion.[11] But they did not also file a response to Nationstar's concise statement of facts, as required by LBR 7056-1(b)(1), nor did they include their own concise statement, as permitted by LBR 7056-1(b)(2). They did belatedly file a request that I take judicial notice of certain items on the court's docket and claims register.[12]

### C.	*A notice of mortgage payment change can be a stay violation.*

The automatic stay of 11 U.S.C. § 362(a)(6) prohibits any act to recover a prepetition claim against the debtor. (Section references are to title 11.)

Even though section 362(a)(6) prohibits every act to collect a prepetition debt, courts have acknowledged that the stay does not prohibit creditors from using the claims-filing process

---

[6] Docket item 1.
[7] Docket item 19.
[8] Docket item 19.
[9] Docket item 20.
[10] Docket item 21.
[11] Docket item 24.
[12] Docket item 28.

or requesting relief from the stay,[13] because the stay "serves to protect the bankruptcy estate from actions taken by creditors outside the bankruptcy court forum, not legal actions taken within the bankruptcy court."[14] Nationstar invites me to conclude, on the same logic, that a notice of mortgage-payment change can never be a stay violation. I disagree.

The purpose of a notice of mortgage-payment change is to enable a chapter 13 debtor-homeowner to make mortgage-maintenance payments required by section 1322(b)(5).[15] As long as a creditor uses the notice only to specify the amounts and due dates of postpetition mortgage-maintenance installment payments and not to include any amounts that were due before the petition date or that come due because of a prepetition default or the filing of the petition, the creditor of course does not violate the stay. But the Kendereses have alleged that the amount that Nationstar stated in its notice of mortgage-payment change included not just their required postpetition installment payment, but also some or all of the amount by which they were in default to Nationstar as of the petition date. If true, that act by Nationstar would constitute a stay violation.[16]

I also reject Nationstar's argument that the absence of harassment or coercion eliminates the possibility of a stay violation. The Ninth Circuit Bankruptcy Appellate Panel[17] and the Eastern District of California bankruptcy court[18] have treated harassment and coercion as factors that a court can consider—but not requirements that a court must consider—in determining whether a payment-change notice constituted a stay violation. Here, the Kendereses essentially allege that Nationstar tricked them into paying a prepetition shortage by making them believe it was a postpetition shortage. That kind of trickery might not qualify as coercion or harassment, but it would be equally, if not more, likely than coercion or harassment to result in a debtor's payment of a prepetition debt. I therefore conclude that the absence of harassment or coercion, even if proved, is not dispositive of whether Nationstar violated the stay.

### D. *There exists a genuine issue of material fact precluding summary judgment in favor of Nationstar.*

Although the Kendereses did not file any factual materials of their own to rebut the record that Nationstar presented, I cannot grant summary judgment unless Nationstar's

---

[13] *See, e.g.*, *In re Teerlink Ranch, Ltd.*, 886 F.2d 1233, 1237 (9th Cir. 1989); *In re Bird*, 229 B.R. 90, 94 (Bankr. S.D.N.Y. 1999) (collecting cases); *In re Sammon*, 253 B.R. 672, 681 (Bankr. D.S.C. 2000); *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1474 (D.C. Cir. 1991); *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 356 and n.1 (5th Cir. 2008); *In re Rogers*, 391 B.R. 317, 324-25 (Bankr. M.D. La. 2008) (collecting cases); *In re Nelson*, 234 B.R. 528, 534 (Bankr. M.D. Fla. 1999); *In re Surprise*, 342 B.R. 119, 122 (Bankr. N.D.N.Y. 2006).
[14] *Sammon*, 253 B.R. at 681.
[15] Fed. R. Bankr. P. 3002.1 Advisory Committee note.
[16] *In re Rodriguez*, 629 F.3d 136, 142-43 (3rd Cir. 2010); *In re Dittimus*, Adv. Proc. No. 10-2174, 2011 WL 10656543, *7-8 (Bankr. E.D. Cal. June 30, 2011).
[17] *In re Zotow*, 432 B.R. 252, 258 (9th Cir. B.A.P. 2010).
[18] *In re Singh*, 457 B.R. 790, 801 (Bankr. E.D. Cal. 2011).

submissions satisfy me that no reasonable trier of fact could find against it.[19] On this summary-judgment record, I cannot so conclude.

In her declaration, Turner stated that the escrow shortage asserted in the notice of mortgage-payment change was not the same as the shortage asserted in the proof of claim. But she provided no specific factual support for this statement. The exhibit to which she referred for support does not speak for itself. At the February 28, 2018, hearing, the Kendereses' lawyer discussed at length his position that Nationstar's own exhibits are inconsistent with Turner's conclusory statement. When I asked Nationstar's lawyer to show me what portions of its exhibits supported Turner's statement, he was unable to do so.

### II. The main-case contempt motion is not the subject of a summary-judgment motion.

In its motion for summary judgment in this action, Nationstar has also requested summary disposition in Nationstar's favor of the Kendereses' Motion for Contempt filed in their main case, no. 14-32177.[20] Nationstar could have,[21] but has not, filed a summary-judgment motion in the main case against the contempt motion. In any case, the issues raised by the contempt motion are only tangentially related to those at issue in this action. I will not summarily dispose of the contempt motion.

### III. Conclusions

I will deny Nationstar's summary-judgment motion in this action. I will deny as moot the Kendereses' motion for judicial notice. I will not summarily dispose of the contempt motion in the main case.

At the continued pretrial conference in this action set for today at 2:30 p.m., I will discuss with the parties a new trial date for this action and the contempt motion.

Sincerely,

*[signature: David W. Hercher]*

DAVID W. HERCHER
Bankruptcy Judge.

---

[19] *City of Pomona*, 750 F.3d at 1049 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (although failure to respond to summary-judgment motion authorizes court to treat facts as undisputed, even total lack of response does not entitle movant to summary judgment by default).
[20] Main case docket item 68.
[21] Fed. Rs. Bankr. P. 7056, 9014(c).